UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH, a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>FOOD EMPLOYERS & BAKERY & CONFECTIONERY WORKERS BENEFIT FUND OF SOUTHERN CALIFORNIA, BLUE CROSS OF CALIFORNIA, a California corporation; ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO., a California corporation; and DOES 1 through 15,<br><br>  Defendants. | Civil No.   10cv2484-WQH (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO DESIGNATE REBUTTAL EXPERT**<br><br>**[Doc. No. 22]** |

Before the Court is defendant's motion for leave to designate a rebuttal expert. [Doc. No. 22.] Plaintiff opposed the motion. [Doc. No. 23.] Defendant filed a reply. [Doc. No. 25.] The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

Plaintiff Scripps Health ("Scripps") seeks payment from defendant Food Employers & Bakery & Confectionery Workers Benefit Fund of Southern California ("FEBC") for medical services provided to the dependent spouse of a FEBC participant. The spouse received medical care at Scripps between September 24, 2008 and October 30, 2008 after being struck by an automobile. FEBC contends that the spouse was not covered by the plan for the services due to a plan exclusion. Scripps alternatively argues

that there is an implied-in-fact contract that obligates FEBC to pay for the emergency health services provided to the participant's spouse.

Pursuant to the Scheduling Order [Doc. No. 19], on September 2, 2011, Scripps served its disclosure identifying witnesses who will provide expert testimony in this case regarding what services provided to the patient constituted medically necessary emergency services. FEBC represents that because it understood this designation to cover testimony as to what services received by the patient were medically necessary, and it does not dispute the necessity of the services provided, FEBC did not designate a rebuttal expert. [Doc. No. 22-2, at 4 ¶7.]

On October 7, 2011, Scripps served the reports of the experts in which they opined that the treatment received by the participant's spouse was not only medically necessary but constituted emergency services, in that the patient was not stable for transfer or discharge until October 30, 2008. FEBC contends that Scripps' disclosure did not put the defendant on notice that the plaintiff's experts would include an opinion about the emergency nature of the medical services rendered. Had FEBC been aware of that aspect of the opinion, it would have elected to designate a rebuttal expert on when the patent was stable. FEBC, therefore, moves for leave to designate an expert on this topic and provide a report.

Scripps opposes contending that FEBC had sufficient notice of the subject matter of its experts' reports and FEBC missed the deadlines for expert designation. Scripps further contends it will be prejudiced by allowing FEBC leave to designate a rebuttal expert on this topic now as it will incur the expense of having to depose and cross-exam the expert, and it will delay the proceedings. Further, Scripps contends that FEBC is barred from pursuing a defense based on nature of the services as emergency services as this was not raised by FEBC as a reason for denying coverage.

The issue as to the emergency nature of the service is relevant to Scripps' alternative theory of breach of an implied-in-fact contract. Consequently, that it was not asserted by FEBC as a basis for denying coverage under the plan, does not preclude it from being an issue in the lawsuit. If that was the case, Scripps would not need expert testimony on the nature of the services. As to the expense Scripps will incur if FEBC is given leave to late designate an expert, the expense is not greater than it would have been if the designation was made timely. Further, any delay in the proceedings would be minimal.

Whether FEBC should be excused from its failure to make a timely designation of a rebuttal expert is a question of whether it had adequate notice based on Scripps' expert designation.

The Court does not find compelling FEBC's position that it did not have notice that Scripps' experts would opine on the services being emergency in nature, that is, opine that it was care provided until the patient stabilized. The designations served by Scripps state the experts will provide testimony "regarding what services provided to the patient at issue constituted medically necessary <u>emergency</u> services." [Doc. No. 22-3, at 3 ¶¶1, 2 (emphasis added).] FEBC claims it only interpreted the disclosure to cover opinions about the medical necessity of the services, but ignored or overlooked that the opinion would cover the emergency nature of the services. FEBC was on notice from the filing of the complaint that Scripps would present an alternate theory that the services are compensable due to their necessity and emergent nature. There was no blind-siding in the designation or new matter in the reports.

This Court's Scheduling Order and Fed. R. Civ. P. 37(c)(1), state that parties who fail to make timely disclosures of experts will not be permitted to use testimony or evidence not disclosed at hearing or trial. The Court finds no substantial justification for FEBC's narrow interpretation of Scripps' expert designation, given the entire circumstances of this case, that resulted in FEBC's failure to identify a rebuttal expert timely. The motion for leave to late designate a rebuttal expert is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 8, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge